**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:24-cr-00051-012 |
| Plaintiff, | : : | District Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| JUSTIN JAMES BAKER, | : | |
| | : | |
| Defendant. | : | |

## DECISION & ORDER DENYING PLAINTIFF'S MOTION FOR PRETRIAL DETENTION (DOC. 40)

This case came before the Court on Plaintiff's Motion for Pretrial Detention (Doc. 40), in which the Government seeks an order detaining Defendant Justin Baker ("Defendant") without bond pending trial under the Bail Reform Act of 1984, 18 U.S.C. § 3142. The Court held a detention hearing after reviewing the Pretrial Services report, which recommends that Defendant be released prior to trial. Having considered the report and the statements of the Pretrial Services Officer, as well as the arguments of counsel, the Court finds that conditions of release are available that will reasonably assure the safety of other persons and the community. Therefore, the Motion is DENIED.

## I.    LEGAL STANDARD

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *U.S. v. Salerno*, 481 U.S. 739, 755 (1987). Under the Bail Reform Act, the Court "***shall*** order the pretrial release of the person on personal

recognizance, or upon execution of an unsecured appearance bond … unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b) (emphasis added).

The Government is authorized to request a pretrial detention hearing in cases involving certain offenses. 18 U.S.C. § 3142(f)(1). In addition, the Government may request, or the Court may hold on its own motion, a pretrial detention hearing if there is a serious risk that the defendant will flee, obstruct justice, or threaten, injure, or intimidate a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(A) & (B). The Federal Rules of Evidence do not apply at a pretrial detention hearing and the Court may consider both hearsay and evidence provided by proffer. *U.S. v. Stone*, 608 F.3d 939, 948-49 (6th Cir. 2010). The Government must prove the risk of flight by a preponderance of the evidence, *U.S. v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004), and the risk of dangerousness by clear and convincing evidence. *Stone*, 608 F.3d at 945.

A rebuttable presumption of detention arises if the Court finds that there is probable cause to believe that the defendant committed certain offenses involving controlled substances, firearms, conspiracy to murder or kidnap, terrorism, peonage, or minor victims.[1] 18 U.S.C. § 3142(e)(3)(A)-(E). A rebuttable presumption of detention also arises if the defendant has a prior conviction for an offense listed in 18 U.S.C. § 3142(f)(1), the defendant committed that offense while on pretrial release, and not more

---

[1] An indictment provides probable cause for purposes of establishing a rebuttable presumption. *U.S. v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

2

than five years have elapsed since the date of conviction or the defendant's release from imprisonment. 18 U.S.C. § 3142(e)(2).

If a rebuttable presumption arises, then the defendant "must introduce at least some evidence" that he does not pose a risk of flight or danger to the community to rebut the presumption of detention. *Stone*, 608 F.3d at 945 (internal quotations and citation omitted). The defendant's burden of production is not a heavy one. *Id*. At all times, the Government bears the burden of persuasion. *Id*. Even if the presumption is rebutted, the Court must consider it when deciding whether to detain the defendant prior to trial. *See Stone*, 608 F.3d at 945 (explaining that "[t]he presumption remains as a factor because it is not simply an evidentiary tool" but also "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial.").

In addition to considering any rebuttable presumption that applies, the Court must also consider: (1) the nature and circumstances of the offense charged, "including whether the offense is a crime of violence, a violation of [18 U.S.C. § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device," (2) the weight of the evidence of risk of flight or dangerousness (not guilt), *Stone*, 608 F.3d at 948; (3) the defendant's history and characteristics;[2] and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

---

[2] A person's history and characteristics includes, but is not limited to: "(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on

3

Finally, if the Court orders the release of a defendant pending trial, the Bail Reform Act requires it to impose the "least restrictive" condition, or combination of conditions, necessary to reasonably assure the defendant's appearance and the safety of other persons and the community. 18 U.S.C. § 3142(c)(1)(B). Notably, the fact that the defendant's release will create *some* risk of nonappearance or danger to the community is not, in and of itself, a sufficient basis for detaining him prior to trial. Instead, the Court is only authorized to detain a defendant if it finds that there are no conditions available that would reasonably assure both his appearance and the safety of the community.

## II.    FINDINGS

Based upon its review of the Pretrial Services Report and the Indictment, the Court makes the following findings of fact.

The grand jury that issued the Indictment in this case charged fourteen defendants with one or more of the following counts: (1) racketeering conspiracy in violation of 18 U.S.C. § 1962(d) (Count One); (2) assault with a dangerous weapon and assault resulting in serious bodily injury in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(2) & (3) (Count Two); (3) conspiracy to commit assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6) (Count Three); and (4) attempted assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6) (Count Four). Defendant is charged in Count Three.

---

parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3).

Prior to the detention hearing, Pretrial Services recommended that Defendant be released on his own recognizance, with certain conditions, prior to trial. The Government objected to this recommendation.

The Court finds that the Government has not met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure that Defendant will attend required court appearances.

In addition, the Court finds that the Government has not met its burden of proving by clear and convincing evidence that if Defendant is released under the conditions identified by the Court, the safety of the community will not be reasonably assured.

Finally, the Court finds that when it considers the applicable factors together, they weigh in favor of pretrial release under the conditions identified by the Court.

### A. Rebuttable Presumption

The Bail Reform Act identifies certain circumstances where it is presumed that pretrial detention will be required. 18 U.S.C. § 3142(e)(3). No rebuttable presumption applies in this case. Therefore, this factor is neutral.

### B. Nature and Circumstances of the Offense

Defendant is a member of the Thug Riders Motorcycle Club ("TRMC"), which is an all-male outlaw motorcycle gang whose members allegedly commit extortion, identity fraud, assault, arson, murder, and other acts of violence. TRMC members belong to chapters in the United States, Canada, Australia, Morocco, the Dominican Republic, Puerto Rico, Germany and the United Kingdom. The TRMC chapter in Dayton, Ohio was

established in 2019. It is part of the TRMC Midwest Region, which consists of chapters in Ohio, Kentucky, West Virginia, Indiana, Illinois, and Missouri.

TRMC is a highly organized and hierarchical gang. The leadership of each TRMC chapter includes a President, Vice-President, Treasurer, Road Captain, Sergeant at Arms, and Enforcers. Defendant is not alleged to have a leadership position.

TRMC members must comply with a written code of conduct, pay monthly dues, and pay a portion of the proceeds of criminal activities to their chapter. Members must also use any means necessary to obtain respect from others, including by committing acts of intimidation, threatening violence, and using violence. TRMC members maintain and enhance their status in the organization by their use and threatened use of violence. TRMC also engages in territorial disputes with other outlaw motorcycle gangs, including the Outlaws Motorcycle Club ("Outlaws MC").

On or about April 9, 2023, Defendant allegedly traveled with other TRMC members in a convoy of vehicles to Lexington, Kentucky. The purpose of the trip was to attack and retaliate against the Outlaws MC, as it was believed that Outlaw MC members had attacked two Kentucky TRMC members. The eight-vehicle convoy rendezvoused at a gas station and then drove to the Outlaws MC clubhouse where TRMC members opened fire, discharging nearly 200 live gunfire rounds into the occupied building.

The alleged offense is extremely serious. This factor weighs in favor of detention.

### C. Weight of Evidence of Dangerousness

The Court finds that the Government has not proven by clear and convincing evidence that Defendant will pose a danger to the community if he is released under

supervision prior to trial. Defendant has no criminal history. His involvement in the violence described by the Government appears to be limited to unspecified participation in the June 2023 attack in Louisville, Kentucky. Furthermore, his conditions of release will reasonably assure the safety of the community. Specifically, he will be prohibited from possessing firearms or other dangerous weapons, will be on home detention with electronic location monitoring and computer monitoring, and will be prohibited from having contact from his co-defendants and anyone else associated with TRMC. **Defendant is expressly warned that if he violates any condition of his release, then the Court will likely revoke his bond and detain him prior to trial.**

Accordingly, this factor weighs slightly against detention.

### D. Defendant's History and Characteristics

Defendant has strong community and family ties in the Southern District of Ohio. He has a stable residential and employment history. As mentioned, he has no criminal history. He has at least a high school education. There are no concerns about substance abuse. Taken together, these facts weigh strongly against detention.

### E. Nature and Seriousness of Danger Posed to The Community

The course of conduct described in the Indictment is extremely alarming. The alleged actions of TRMC members clearly pose a very high risk of serious injury or death to members of the community. The Court does not minimize the danger posed by the alleged conduct of these fourteen defendants in any way. Nevertheless, given Defendant's lack of criminal history and apparently minimal involvement in the conduct described in the Indictment, the Court concludes that this factor does not weigh in favor

7

of pretrial detention. As mentioned, the Court will impose strict conditions of release and prohibit Defendant from having any contact with individuals associated with TRMC.

## III.    CONCLUSION

The Court must release Defendant prior to trial unless it finds that no condition, or combination of conditions, will reasonably assure both his appearance in Court and the safety of the community. The Court finds that the conditions described above will provide such reasonable assurances. The Court also concludes that the relevant factors, weighed together, establish that Defendant should be released on his own recognizance prior to trial with certain conditions. **The Court reminds Defendant that he will face significant penalties if he violates __any__ conditions of his pretrial release.**

Accordingly, the Motion for Pretrial Detention (Doc. 40) is **DENIED.**

**IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge


Any party may file and serve on the opposing party a motion for revocation or amendment of this Order with a United States District Judge. 18 U.S.C. § 3145(a). A defendant who files a motion for revocation or amendment must arrange for a transcript of the detention hearing. This Order is in full force and effect, notwithstanding the filing of a motion for revocation or amendment, unless it is stayed by the Magistrate Judge or District Judge.